UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01876 PA (AJWx) | Date | May 07, 2012 |
|---|---|---|---|
| Title | Vernon P. Lannes v. Air & Liquid Sys. Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS—ORDER TO SHOW CAUSE

    Before the Court is a Notice of Removal filed by defendant Crane Co.  The removed Complaint alleges that plaintiff Vernon P. Lannes ("Plaintiff"), a former Boiler Tender in the U.S. Navy from 1962 to 1966, contracted mesothelioma through exposure to asbestos contained in products manufactured by Defendants for use in naval ships.  Plaintiff alleges that his exposure occurred "at various locations within the State of California and Washington, including but not limited to" Long Beach, CA, and San Diego, CA, and on the high seas aboard the USS Fletcher and USS Duncan.  Plaintiff is a citizen of Minnesota presently in hospice care in Starbuck, Minnesota.

    The Court orders the parties to show cause, in writing not to exceed 15 pages, why this action should not be transferred to the United States District Court for the District of Minnesota (the "District of Minesota"), for the convenience of the parties and witnesses, and in the interests of justice.  See 28 U.S.C. §§ 124(a), 1404(a).  All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence.  To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether this action could have been brought in the District of Minnesota;

2. Whether venue is appropriate in the District of Minnesota;

3. What contacts, if any, each of the parties has to the Central District of California (the "Central District") and the District of Minnesota;

4. What connection Plaintiff's causes of action have to the Central District and the District of Minnesota, including the length of time Plaintiff was working with or otherwise exposed to Defendants' asbestos-containing products while Plaintiff was actually present in the Central District;

5. Whether the law of California, Washington or Minnesota, or maritime law, will govern this case;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01876 PA (AJWx) | Date | May 07, 2012 |
|---|---|---|---|
| Title | Vernon P. Lannes v. Air & Liquid Sys. Corp., et al. | | |

6. Which witnesses are expected to be called and where they reside;

7. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the District of Minnesota;

8. The ease of access to sources of proof in each of the two forums;

9. The expected difference in the cost of litigation in the Central District as compared to the District of Minnesota; and

10. Whether there are any alternative forums other than the Central District or the District of Minnesota – in particular the United States District Courts for the District of Washington and the Southern District of California – that would be more convenient for this action, keeping in mind the inquiries above.

Plaintiff is ordered to file a response to this Order no later than May 14, 2012. Plaintiff is ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within three (3) court days of the date of this Order or at the time of service for any defendant that has not already been served. Failure to timely respond to this Order may result in the dismissal of this action without prejudice. Defendants' responses, if any, shall be filed no later than May 21, 2012.

IT IS SO ORDERED.